

FILED
2022 Feb-28  PM 04:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **RUTH CROOKS,** | ) | |
| **WANDA MALCOM,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **MURROW'S TRANSFER, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

### MURROW'S TRANSFER, INC.'S SECOND NOTICE OF REMOVAL

---

COMES NOW the Defendant, **MURROW'S TRANSFER, INC.,** (incorrectly identified in Plaintiff's Complaint as MURROW TRANSFER, INC., hereinafter "MTI") and, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the foregoing cause from the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division.  As grounds for removal, MTI states as follows:

### I. INTRODUCTION

The Eleventh Circuit has held that 28 U.S.C. § 1446(b) permits successive removal provided the second removal is sought on "different grounds" than the first

{DOC# 00782641}

removal.  Here, MTI's first removal was based solely on allegations in Plaintiffs' Complaint. It was remanded for failing to satisfy the amount in controversy. Now, Plaintiffs have provided admissions and deposition testimony clearly quantifying their allegations—and from this production, it is "readily deducible" that the amount in controversy exceeds the jurisdictional limitation of $75,000. Accordingly, MTI submits this Second Notice of Removal.

## II. PROCEDURAL HISTORY

1.     Plaintiffs Ruth Crooks and Wanda Malcom filed an action in the Circuit Court of Jefferson County entitled *Ruth Crooks, Wanda Malcom v. Murrow Transfer, Inc*., Case No. 1-CV-2021-900712[1] (the "Action"). In doing so, Plaintiffs have asserted negligence, wantonness and negligent hiring/training/supervision claims related to an accident on April 3, 2020, when Plaintiffs allegedly sustained injuries when their vehicle allegedly collided with one of Defendant MTI's tractor-trailers. (*See* Plaintiffs' Complaint, attached separately for the Court's Convenience as "Exhibit 3").

---

[1] Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, as well as copies of all process and other papers on file in the record of the state court action, which are within the possession, custody and control of Defendant, are attached hereto as Exhibit "1."  The case action summary for this case, from the State Judicial Information System website, Alacourt.com, is attached hereto as Exhibit "2."

2.      The Action was originally filed on March 4, 2021. (Ex. 3). Due to the seriousness of the injuries alleged, Defendant MTI timely filed a Notice of Removal pursuant to 28 U.S.C. § 1441 and 1446 on April 9, 2021. (*See* MTI's First Notice of Removal, attached hereto as "Exhibit 4").

3.      On May 7, 2021, Plaintiffs filed a Motion to Remand and argued that MTI had not established the amount in controversy would exceed the $75,000 threshold. Judge Kallon granted Plaintiffs' Motion to Remand on May 21, 2021. (*See* Memorandum Opinion, attached hereto as "Exhibit 5").

4.      After Remand, MTI received document production from Plaintiffs, received documents pursuant to Rule 45 subpoenas, and deposed Plaintiff Ruth Crooks. On February 10, 2021, MTI received the deposition transcript from Ruth Crooks's deposition. (*See* correspondence from Birmingham Reporting providing transcripts dated February 10, 2021, attached hereto as "Exhibit 6").

5.      In her deposition, Plaintiff Ruth Crooks confirmed that she received medical treatment at MedPlex, St. Vincent's Hospital, and underwent left-shoulder surgery with Dr. Cool after the alleged accident. (*See* Deposition of Ruth Crooks, attached hereto as "Exhibit 7", p. 127-128, 148-161). Plaintiff also alleged that she suffers from "mini strokes" exacerbated by the alleged accident, has permanent left

shoulder, neck, and back pain from the alleged accident, and incurred property damage and rental car expenses. (Ex. 7, pp. 148-151). Plaintiff's deposition, coupled with the records she provided in discovery evidencing her treatment and damages, clearly and unequivocally shows the amount in controversy exceeds $75,000.

## III. DIVERSITY OF CITIZENSHIP

6.      Under 28 U.S.C. §§ 1332, 1441, and 1446, this Action could have originally been brought in Federal District Court on the basis of diversity citizenship among the parties.

### A. The parties are diverse.

7.      For purposes of diversity jurisdiction, citizenship of the parties is determined as of the time the complaint is filed.  *Harris v. Garner*, 216 F.3d 970, 983 (11th Cir. 2000) (quoting and citing *Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991); *Wichita R.R. & Light Co. v. Public Utilities Comm'n of Kansas*, 260 U.S. 48, 54 (1922)).

8.      An individual, for diversity jurisdiction purposes, is a citizen of a State if he or she is a citizen of the United States and a domiciliary of that State.  *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001).  Domicile is determined by two factors: residence and intent to remain.  *Id.; Scoggins v.*

*Pollock*, 727 F.2d 1025, 1026 (11th Cir. 1984).

9.     A corporation, for diversity jurisdiction purposes, is deemed to be a citizen of both its state of incorporation and the state where it maintains its principal place of business.   28 U.S.C. § 1332(c)(1).   A corporation's principal place of business is "the place where the corporation's officers direct, control, and coordinate the corporation's activities."   *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).   *See also Annon Consulting, Inc. v. Bionitrogen Holdings Corp.*, 650 Fed. Appx. 729, 731 (11th Cir. 2016).   In practice, this should normally be where the corporation maintains its headquarters.   *Id.*

10.     Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of fictitious defendants named in Plaintiff's Complaint "shall be disregarded" in determining whether this civil action is removable based on diversity jurisdiction.

11.     Plaintiff Ruth Crooks was a resident of Alabama. (Ex. 3, ¶ 1); (Ex. 7).

12.     Plaintiff Wanda Malcom was a resident of Alabama. (Ex. 3, ¶ 2); Ex. 7).

13.     Intervenor-Plaintiff, GEICO Casualty Company, is domiciled in Maryland and its principal place of business is 1 GEICO Blvd, Fredericksburg VA, 22412.

14.     The only named and served defendant as of the filing date of this Notice of Removal is Defendant MTI, a non-citizen of the State of Alabama, therefore complete diversity of citizenship exists.

15.     Defendant MTI was incorporated in and has its principal place of business in Thomasville, North Carolina.

16.     Thus, complete diversity of citizenship exists.

**B. The amount in controversy for Plaintiff Ruth Crooks is satisfied.**

17.     To date, Plaintiff Ruth Crooks medical expenses total $79,181.79.[2] In her deposition, Plaintiff admitted to her treatment with Dr. Timothy Cool who performed a left shoulder arthroscopy allegedly related to the subject accident. (Ex. 7, p. 127). She also claimed that none of her medical expenses were covered by her insurance. (Ex. 7, p.150-151).  While she did not state an exact amount in her deposition, she referenced her medical bills already produced. *Id.*

18.     Plaintiff previously produced medical bills from the post-accident left-shoulder surgery amounting to a total of $45,342.29 in charges from MedPlex.  (*See also* Plaintiffs' Request for Admission to MTI, attached hereto as "Exhibit 8").

---

[2] In her document production, Plaintiff produced medical records and bills; from those records, MTI issued Rule 45 subpoenas to her providers. To protect Plaintiffs' privacy, MTI has not attached those records to this notice. If the Court or Plaintiff believes the records are required to substantiate the motion, MTI will seek leave to file the records under seal.

Plaintiff also admitted to and produced records from St. Vincent's Hospital from treatment immediately after the alleged accident with charges of $6,916.50 and miscellaneous imaging and radiology records also show expenses amounting to $2,099.00. MTI also received records from the subject left shoulder surgery from Surgical Institute of Alabama showing charges of $24,824.00[3]. Plaintiff's medical expenses to date total $79,181.79.

19.    Plaintiff also produced an estimate for the repair of her vehicle for $4,733.22 and invoices for renting a vehicle totaling $1,540.11. Her claimed damages related to her vehicle, produced in response to discovery, total $6,273.33. (*See* Plaintiffs' bills and invoices produced in response to discovery, attached hereto as "Exhibit 9").

20.    In addition to her medical bills and vehicle-related expenses totaling $85,455.12, Plaintiff also claimed in her deposition to suffer from "mini strokes" that she alleges were exacerbated by the alleged accident, that she has permanent injuries such as persistent back, neck, and shoulder pain, fear of driving as a result of the alleged accident, mental anguish, pain and suffering. (Ex. 7, pp. 47-48, 58, 62, 148-150).

---

[3] Plaintiff did not produce Surgical Institute Records to MTI, they were received in response to subpoena on January 27, 2022.

21.    There is clear and unequivocal evidence that Plaintiff Ruth Crooks's existing medical bills provided to date coupled with her allegations of "mini strokes," permanent injury, mental anguish, pain and suffering, property damage, and rental car charges exceed $75,000, as required under 28 U.S.C. 1332.

**C. The Court may exercise supplemental jurisdiction over Plaintiff Wanda Malcom's claims.**

22.    Finally, diversity jurisdiction will lie so long as the claims by one of the two Plaintiffs meet the amount in controversy requirement. Defendant does not need to establish that both Plaintiffs seek to recover more than $75,000 in damages. So long as one plaintiff's claims meet the jurisdictional minimum, the court may exercise supplemental jurisdiction over claims from additional, diverse plaintiffs. *Exxon Mobil Corp. v. Allapattah Servs*., 545 U.S. 546, 566-67 (2005). The Court possesses subject-matter jurisdiction over Plaintiff Malcom's claims under either diversity jurisdiction or supplemental jurisdiction because they arise out of the same case or controversy. 28 U.S.C. § 1367(a) (permitting federal courts to exercise supplemental jurisdiction over state-law claims which "form part of the same case or controversy"); (Ex. 1, Compl.).

23.     Because there is complete diversity between the parties and the amount in controversy requirement is satisfied, this Court has subject matter jurisdiction over this action. 28 U.S.C. § 1332(a).

## IV. MTI'S SECOND REMOVAL IS PROPER

### A. Post-remand deposition testimony is "other paper" that create a basis for justifying successive removal.

24.     A defendant whose first attempt to remove fails can file a second removal on a new and different ground. *Watson v. Carnival Corp.,* 436 F. App'x 954, 956 (11th Cir. 2011). The "different ground" does not refer to the type of federal jurisdiction, such as diversity jurisdiction, but to the pleading or event that made the case removable. *Id.* (citing *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir.1996) ("section 1446(b) allows [a defendant] to file successive removals based on [a] different factual basis")). At the same time, the mere submission of additional evidence on the same ground offered in the initial removal is not sufficient to justify a second removal. *See id.* A second removal is therefore not appropriate where a defendant relies upon the same contract or pleading in both removal proceedings. *See id.* However, if the second removal is appropriate after a subsequent disclosure or **"other paper"** by the plaintiff that the stakes in the case exceed the jurisdictional amount can provide a basis for removal. *Dominguez v.*

*Peek*, No. CIV.A. 09-00842-KD-B, 2010 WL 1658550, at *5 (S.D. Ala. Apr. 16, 2010), *report and recommendation adopted*, No. CIV.A.09-00842-KD-B, 2010 WL 1851617 (S.D. Ala. May 5, 2010) (quoting *Benson v. SI Handling Sys., Inc.,* 188 F.3d 780, 783 (7th Cir.1999) (emphasis added)).

25.     Pursuant to 28 U.S.C. § 1446(b)(3), a defendant may remove an action that was not initially removable if the action later becomes removable. Section 1446(b)(3) provides that a defendant seeking to remove a case that was not initially removable must file a notice of removal within 30 days of when "it may first be ascertained" that the action is removable. *Id.*

26.     As the statute indicates, a defendant may be put on notice of removability by a pleading, motion, order or "other paper." *Id.* To provide notice of removability, the "other paper" "must contain an unambiguous statement that clearly establishes federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n. 63 (11th Cir. 2007) (citing *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002).

27.     As the Eleventh Circuit held in *Lowery v. Alabama Power Co.*, "[c]ourts have not articulated a single test for identifying 'other paper,' but numerous types of documents have been held to qualify. They include the following: responses

to request for admissions, *Wilson v. Gen. Motors Corp*., 888 F.2d 779, 780 (11th Cir.1989); settlement offers, *Addo v. Globe Life & Accident Ins. Co*., 230 F.3d 759, 761–62 (5th Cir.2000); interrogatory responses, *Akin v. Ashland Chem. Co*., 156 F.3d 1030, 1036 (10th Cir.1998); **deposition testimony**….” *Lowery v. Alabama Power Co*., 483 F.3d 1184, 1213 n.62 (11th Cir. 2007). *See also TKI, Inc.,* 191 F. Supp. 2d at 1313 (holding plaintiff's deposition testimony was “other paper” that created a new factual basis for successive removal); *Benson v. SI Handling Sys., Inc.,* 188 F.3d 780, 783 (7th Cir. 1999) (holding that plaintiff's admissions were not simply additional evidence, but were “other paper” that created a new factual basis for successive removal).

28.   The “jurisdictional amount” must be “stated clearly on the face of the documents before the court, or **readily deducible from them**.” *Lowery,* at 1211.

29.   In addition to the medical bills received through discovery, in Plaintiff Crooks's deposition, she claims to suffer from “mini strokes” that were exacerbated by the alleged accident.   She also claims to suffer permanent injuries such as persistent back, neck, and shoulder pain, fear of driving as a result of the alleged accident, mental anguish, pain and suffering, property damage to her car, and charges for a rental car. (Ex. 7 pp. 47-48, 58, 62, 148-150).

30.    These admissions provide a "different ground" for removal from the initial removal, which relied only the complaint. *See Watson,* 436 F. App'x at 956.

31.    Additionally, these admissions from Plaintiff's deposition testimony coupled with the production of $85,455.12 of expenses also make it "readily deducible" that the amount in controversy now exceeds $75,000, satisfying the standard set forth in *Lowery*.

## B. This Notice of Removal was filed within the 30-day window provided by §1446(b)(3).

32.    This Notice of Removal is timely because it is filed within Defendant's 30-day window after receiving an "other paper" establishing federal jurisdiction as provided in 28 U.S.C. § 1446(b)(3), which was Plaintiff's deposition testimony received on February 10, 2022. (Ex. 7). This Notice of Removal is filed before the expiration of thirty days from that triggering event.

## C. This Notice of Removal was filed less than one (1) year from the filing of this lawsuit.

33.    This Notice of Removal is timely because it is filed within one (1) year of the date the Complaint was originally filed. 28 U.S.C. § 1446(c)(1).

34.    Plaintiff's Complaint was filed in the Circuit Court for Jefferson County on March 4, 2021. (Ex. 1, Compl.).

35.   This Notice of Removal was filed on February 28, 2022.

36.   Accordingly, the prerequisites for removal pursuant to 28 U.S.C. § 1332, 1441, and 1446 have been met.

### III. VOLUNTARY-INVOLUNTARY RULE

37.   In addition to the timeliness of this notice of removal, this Court can exercise diversity jurisdiction because Plaintiffs' document production and deposition testimony satisfies the "voluntary-involuntary rule."

38.   The traditional rule is that only a voluntary act by the plaintiff may convert a non-removable case into a removable one. *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 761 (11th Cir. 2010); *Insinga v. LaBella*, 845 F.2d 249, 252 (11th Cir. 1988) (explaining the judicially created "voluntary-involuntary" rule that applies in diversity cases); *see also Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir.1967).

39.   "Thus, a defendant cannot show that a previously non-removable case 'has become removable' as a result of a document created by the defendant." *Pretka, Inc.,* 608 F.3d at 761 (citing 28 U.S.C. § 1446(b)).

40.   The Eleventh Circuit's predecessor court, the Fifth circuit, explained in *Gaitor v. Peninsular & Occidental Steamship Co*., 287 F.2d 252 (5th Cir.1961), that

an initially non-removable case "cannot be converted into a removable one by evidence of the defendant or by an order of the court." *Pretka, Inc.,* 608 F.3d at 761 (citing *Gaitor* at 254).

41.     In accordance with the voluntary-involuntary rule, the basis upon which FXF relies as its grounds for removal are documents and deposition testimony created by the Plaintiff. (Ex. 7).

42.     The voluntary-involuntary rule is satisfied here.

## V. CONCLUSION

43.     MTI has properly and timely removed the case based on complete diversity and the amount in controversy is satisfied. Without waiver of any defenses or objections including, but not limited to, improper process, improper service of process, improper venue, and lack of personal jurisdiction, Defendant MTI submits this Notice of Removal.

44.     Pursuant to 28 U.S.C. § 1446(d), Defendant MTI shows a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Jefferson County, Alabama. Further, Defendant represents to this Court that a copy of this Notice of Removal is also being served upon counsel for Plaintiff.

Respectfully submitted,

*s/ Sara Elizabeth DeLisle*
Thomas L. Oliver, II (ASB-3153-R53T)
Sara Elizabeth DeLisle (ASB-8051-s81d)
Anna C. Saunders (ASB-2747-i00t)
Attorneys for Defendant Murrow's Transfer, Inc.

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:  (205) 822-2006
Facsimile:  (205) 822-2057
E-mail:     sbdelisle@carrallison.com
            asaunders@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of February 2022, the foregoing document was electronically filed with the Clerk of this Court, and served upon the following using the CM/ECF system:

Champ Lyons, III
Champ Lyons, III, P.C.
P.O. Box 131388
Birmingham, AL 35213-1388
champ@champlyons.com

*s/ Sara Elizabeth DeLisle*
OF COUNSEL